UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NIGEN BIOTECH, LLC, a Nevada limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:11-CV-3341-G |
| GREG ABBOTT, as the Attorney General of the State of Texas, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Greg Abbott, in his official capacity as the Attorney General of the State of Texas ("Abbott"), for dismissal (docket entry 52). For the reasons discussed below, the motion is granted.

## I. BACKGROUND

NiGen BioTech, LLC ("NiGen") manufactures, distributes, and sells two dietary supplements, Isodrene Weight Loss Solution ("Isodrene") and The HCG Solution ("The HCG Solution") (together the "products"), in Texas. Plaintiff's Second Amended Complaint ("Complaint") at 2-3 and ¶ 6 (docket entry 49). Both of the products include the letters "HCG" in large, bold font on their packaging. See

*id*. ¶¶ 27, 31.  Human chorionic gonadotropin hormone ("HCG") is a naturally occurring hormone found in the bodies of most pregnant women and is an ingredient in some prescription drugs.  *Id.* ¶ 12.  In the 1970s, a diet combining the use of HCG with very low calorie diets became popular.  *Id.* ¶ 15.  The letters "HCG" and the term "HCG diet plans" now often are associated with effective weight loss.  *Id.* ¶ 17.  NiGen alleges that the products, "in their pure form, contain all of the amino acids in the same proportions as the human chorionic gonadatropin hormone" but do not contain HCG.  *Id.* ¶ 19.  Further, NiGen alleges that "both Isodrene and The HCG Solution are at least the functional equivalent of human chorionic gonadatropin [sic] hormone when ingested orally."  *Id.* ¶ 22.

On October 26, 2011, the State of Texas ("State"), by and through an Assistant Attorney General in the Consumer Protection Division of the Office of the Attorney General of Texas, sent NiGen a letter notifying NiGen that NiGen's use of "HCG" in the packaging and labeling of the products as dietary supplements sold for weight loss was false, misleading, or deceptive.  *Id.* ¶¶ 37-39, 42.  The letter warned that it was the State's position that each sale of NiGen's products in Texas was a separate violation of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COMM. CODE ANN. § 17.41, *et seq.*  *Id.* ¶ 46.  Thereafter, Abbott contacted NiGen's customers and threatened them with fines.  *Id.* ¶ 63.  As a result, Walmart, Walgreens, and CVS Pharmacy removed the products from their shelves.  *Id.* ¶ 64.

On November 18, 2011, and on November 29, 2011, counsel for NiGen met with two Assistant Attorneys General ("AAGs") from the Consumer Protection Division of the Office of the Attorney General of Texas to discuss the DTPA notice. *Id.* ¶¶ 49, 53-57; Brief in Support of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion") at 4 (docket entry 52-1).  Counsel for NiGen audio taped the November 29, 2011 without the knowledge or permission of the two AAGs.  Motion at 4.

On December 2, 2011, NiGen filed this suit.  NiGen claims that Abbott violated its constitutional and civil rights pursuant to 42 U.S.C. §§ 1983 and 1988 and under the First Amendment and the Fourteenth Amendment to the United States Constitution, and the Commerce Clause and Supremacy Clause of the United States Constitution.  NiGen also seeks relief for tortious interference with existing business relations, as well as preliminary and permanent injunctive relief.  *See generally* Complaint.

## II.  ANALYSIS

Abbott moves to dismiss NiGen's complaint on numerous grounds.  *See generally* Motion.  Abbott asserts that, as an official of the State of Texas, he is entitled to immunity from suit in this court under the Eleventh Amendment to the Constitution.  Motion at 13.  He argues that since suits against state officials in their official capacity should be treated as suits against the state, *e.g.*, *Hafer v. Melo*, 502

U.S. 21, 25 (1991), he is entitled to the same Eleventh Amendment immunity as the State of Texas. *Id*. The Eleventh Amendment prohibits suits in federal court against state governments by a state's own citizens. U.S. CONSTITUTION amend. XI. As such, Abbott is immune to suit in federal court under the Eleventh Amendment of the United States Constitution. See *Aguilar v. Texas Department of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998)(finding the Eleventh Amendment bars suit against a state or a state entity regardless of whether money damages or injunctive relief is sought); see also *Anderson v. Abbott*, 83 Fed. Appx. 594, 594-95 (5th Cir. 2003); *Kemppainen v. Texas*, No. 2:11-CV-0071-J, 2011 WL 2181850, *3 (N.D. Tex. May 26, 2011) (Averitte, M.J.), adopted, 2011 WL 2183282 (N.D. Tex. June 3, 2011) ( Robinson, J.). NiGen's claims against Abbott should be dismissed.

### III. CONCLUSION

For the reasons stated above, Abbott's motion to dismiss is **GRANTED**.

A judgment of dismissal will be entered.

**SO ORDERED**.

July 21, 2014.

*[signature: C. Joe Fish]*
**A. JOE FISH**
**Senior United States District Judge**